UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC EUGENE GREEN, | No. 2:16-cv-2163 WBS CKD P |
| Plaintiff, | |
| v. | ORDER |
| A. CHAVEZ, et al., | |
| Defendants. | |

I. Introduction

    Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. <u>Screening Standard</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

////

////

III. Discussion

Plaintiff alleges that, on July 25, 2015, he was on suicide watch at California Health Care Facility after a suicide attempt four days earlier. Defendant Chavez, a correctional officer, stopped at plaintiff's cell door, made a hanging gesture, and stated, "Next time we [staff] won't come in [to your cell] and you can finish the job [of killing yourself]." (ECF No. 1 at 4.) Plaintiff was distraught and made another suicide attempt that day. Defendants Artis, Voong, Brown and Duffy reviewed plaintiff's administrative appeals about this incident, determining at the final level of review that Chavez did not violate policy. Plaintiff names the California Department of Corrections and Rehabilitation as the sixth defendant. He claims that defendants violated his Eighth Amendment right to be free of cruel and unusual punishment.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates See Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citation omitted). "The inmate must then make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Patterson v. County of San Diego, 2010 WL 3957398 *3 (S.D. Cal., 2010) (quoting Farmer, 511 U.S. at 834).

Mere verbal harassment or abuse does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). See Clifton v. Sprague, 2014 WL 5456527, **1-3 (C.D. Cal. Oct. 27, 2014) (prisoner failed to state a claim against nurse who allegedly told him he would be better off dead and encouraged him to commit suicide) (collecting cases). Thus plaintiff fails to state an Eighth Amendment claim against defendant Chavez.

As to the defendants who reviewed plaintiff's administrative appeals, inmates have no Constitutional right to a specific prison grievance procedure. See Ramirez v. Galaza, 334 F.3d

3

1   850, 860 (9th Cir. 2003), citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988); see also

2   <u>McCoy v. Roe</u>, 509 Fed. Appx. 660, 660 (9th Cir. Feb.19, 2013) (affirming dismissal of claims

3   arising from defendants' handling of prisoner's grievances) (citing <u>Ramirez</u>).  Nor does plaintiff

4   state an Eighth Amendment claim on the basis of defendants' administrative review.  Thus

5   plaintiff fails to state a claim against these defendants.

6        Finally, defendant CDCR is immune from suit under the doctrine of sovereign immunity.

7   The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against

8   a state or state agency unless the state or the agency consents to such suit.  See <u>Quern v. Jordan</u>,

9   440 U.S. 332 (1979); <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978)( per curiam); <u>Jackson v. Hayakawa</u>,

10  682 F.2d 1344, 1349-50 (9th Cir. 1982).  The State of California has not consented to suit.  Thus

11  any claims against this defendant must be dismissed.

12       For these reasons, the complaint will be dismissed for failure to state a claim.  However,

13  plaintiff will have the opportunity to file an amended complaint.

14  IV.  <u>Leave to Amend</u>

15       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

16  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See <u>Ellis v.</u>

17  <u>Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, plaintiff's amended complaint must allege in

18  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

19  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

20  claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

21  allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of</u>

22  <u>Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

23       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

24  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

25  complaint be complete in itself without reference to any prior pleading.  This is because, as a

26  general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375

27  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

28  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in dismissal of this action.

Dated: October 18, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / gree2163.14.new